Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JIA JIA LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br>　　　　　Defendants. | Case No.: 2:25-cv-6089<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc. ("BackGrid"), complains against Defendant, JIA JIA LLC ("JIA JIA"), a Delaware limited liability company, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant JIA JIA LLC targets consumers in Los Angeles, California and sells its products in Malibu, California. On information and belief, Defendant JIA JIA's press outreach, social media accounts, advertising, sponsored posts, and website are directed to and consumed by Southern California readers.

## PARTIES

3. Plaintiff BackGrid USA, Inc. is a California corporation with its principal place of business located in Los Angeles, California.

4. Defendant JIA JIA LLC is a Delaware limited liability company with its principal place of business in New York, New York.

5. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

# FACTS COMMON TO ALL COUNTS

*BackGrid and the Photographs that Frame This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, BackGrid owns coveted photographs of celebrities, including Khloe Kardashian (hereinafter the "Khloe Photographs"). All rights, title, and interest in the Khloe Photographs (the photographs at issue in this case), including but not limited to the timely registered copyrights thereon, are owned by BackGrid.

8. BackGrid filed for copyright registration of the Khloe Photographs within 90 days of their first publication with the United States Copyright Office. *See* VA0002343780.

*Defendants and Their Willful Infringing Activity*

9. Defendant JIA JIA is a high-end jewelry designer that specializes in gemstones and crystals. Its jewelry products are sold around the world, often for tens of thousands of dollars. To promote its brand and direct traffic to its website and online shop, JIA JIA promotes its products through social media.

10. On information and belief, Defendants operate and control an Instagram account located at @jiajiajewelry (the "Instagram Account") to promote their brand and business. The Instagram Account currently has over 17,600 followers.

11. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least two timely registered Khloe Photographs on, at least, the Instagram Account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the two infringed photographs at issue in this lawsuit. Defendants used one of the Khloe Photographs twice, including one use which was an unauthorized derivative work.

12. Additionally, Defendants induced, caused, or materially contributed to the reproduction, distribution and public display of the Khloe Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on their accounts were without permission, consent, or license. By uploading the Khloe Photographs to the account, Defendants encourage their fans, followers, customers, and potential customers to "share" the photographs, thus causing others to also willfully infringe and multiplying the harm to BackGrid.

13. On information and belief, Defendants operate and control the Instagram Account at all times relevant to this dispute and financially benefit from the infringement of the Khloe Photographs displayed thereto. On information and belief, Defendants have driven significant traffic to their Instagram Account in large part due to the presence of the sought after and searched-for Khloe Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of its infringing actions.

14. Defendants' unauthorized use of the Khloe Photographs was highly commercial because it was intentionally designed to promote their brand and sell their products. Defendants' infringing post identified the pictured product to consumers as the "classic Crystalline Crystal Quartz Diamond Necklace" as shown in the Khloe Photographs.

BackGrid attempted to resolve this lawsuit prior to filing this Action, but the parties were unable to resolve this dispute.

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501)

15. BackGrid incorporates hereby reference the allegations in paragraphs 1 through 15 above.

16. BackGrid is the owner of all rights, title, and interest in the copyrights of the Khloe Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

17. BackGrid filed for copyright registration of the Khloe Photographs within 90 days of their first publication with the United States Copyright Office.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by reproducing, displaying, distributing, and utilizing the Khloe Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

19. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

20. BackGrid has identified at least two instances of infringement by way of unlawful reproduction and display of BackGrid's photographs, and at least one unlawful creation of a derivative work.

21. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

22. Defendants have willfully infringed, and, unless enjoined, will continue to infringe BackGrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives from BackGrid's copyrights.

23. Defendants are well aware of the value of intellectual property. JIA JIA regularly uses copyrighted images to promote its brand on its social media and its website. It availed itself of the protections federal trademark laws when it registered a trademark with the United States Patent and Trademark Office in 2021. Its website features the copyright © at the bottom, indicating it is well aware of the protections of United States copyright law. Its website also states that all content on its site such as "text, graphics, logos, images, as well as the compilation thereof . . . [is] protected by copyright and other laws that protect intellectual property and proprietary rights."

24. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

25. The above-documented infringements alone would entitle BackGrid to a potential award of up to $300,000 in statutory damages for the at-least two infringed photographs, in addition to its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of BackGrid's Photos;

2. That an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the unlawful reproduction, copying, display,

promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

    3.    For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. § 504 (a)(1) & (b);

    5.    For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

    6.    For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

    7.    For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

    8.    For any such other and further relief as the Court may deem just and appropriate.

Dated: July 3, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: July 3, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

**COMPLAINT**